

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 121 | **DATE** | 2/12/2002 |
| **CASE TITLE** | Mountain Funding-Z, Inc. vs. James B. Goldenberg, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Order. Answer ¶¶13, 14, 17-20 and 25 are stricken. Accordingly all eight affirmative defenses are stricken as well. Because the matters identified here should be readily curable, defense counsel is granted until February 22, 2002 to file a suitable amendment to the answer in this Court's chambers. Absent such a timely filing, all allegations of the complaint that correspond to the stricken paragraphs in the Answer will be deemed admitted and all potential Ads will be deemed to have been waived by defendants.
(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | FEB 13 2002 | |
| | Notified counsel by telephone. | | date docketed | 5 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 2/12/2002 | |
| SN | courtroom deputy's initials | 02 FEB 12 PM 4:15 Date/time received in central Clerk's Office | date mailed notice SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MOUNTAIN FUNDING-Z, INC., )
 )
        Plaintiff, )
 )
v. ) No. 02 C 121
 )
JAMES B. GOLDENBERG, et al., )
 )
        Defendants. )

DOCKETED
FEB 1 3 2002

## MEMORANDUM ORDER

All three defendants in this diversity of citizenship action brought against them by Mountain Funding-Z, Inc. have filed their Answer to the Complaint, coupled with a counterclaim and a number of affirmative defenses ("ADs"). This memorandum order is issued sua sponte to require defense counsel to cure some patent flaws in that responsive pleading.

To begin with, Answer ¶¶13, 14, 17-20 and 25 decline to respond to corresponding allegations in the Complaint--all of which relate to the subordinate loan guaranty on which suit is brought--"because the document speaks for itself." But Fed. R. Civ. P. ("Rule") 8(b) does not confer such a right of self-determination on a responding party--and even less so on such a flawed notion of personification (see App. ¶3 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 279 (N.D. Ill. 2001)). All of those nonresponsive paragraphs are therefore stricken.

As for defendants' ADs, they generally echo a number of the labels set out in Rule 8(c)--but here the problem is one of

excessive generality. Every AD, even in the federal regime of notice pleading, has to conform to a concept equivalent to that set out in Rule 8(a): It must be stated in a manner that is sufficient to apprise opposing counsel and the court of the basis for the defense. That function is not satisfied by simply parroting "doctrine of waiver," "doctrine of estoppel" or any of the other conclusory terms employed by defense counsel. Accordingly all eight ADs are stricken as well.

Because the matters identified here should be readily curable, defense counsel is granted until February 22, 2002 to file a suitable amendment to the Answer in this Court's chambers (with a copy of course served upon opposing counsel). Absent such a timely filing, all allegations of the Complaint that correspond to the stricken paragraphs in the Answer will be deemed admitted and all potential ADs will be deemed to have been waived (or more accurately, forfeited) by defendants.

                                                                   Milton I. Shadur
                                                                   Senior United States District Judge

Date: February 11, 2002